UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SENAH, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>XI'AN FORSTAR S&T CO., LTD.,<br><br>    Defendant. | Case No. 13-cv-04254-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR STAY AND ABATEMENT OF PROCEEDING**<br><br>[Re: Dkt. No. 27] |

Before the Court is Plaintiff Senah, Inc.'s ("Plaintiff" or "Senah") Motion for Stay and Abatement of Proceeding ("Mot. for Abatement"). (ECF 27) In its Motion, Plaintiff argues that Defendant Xi'an Forstar S&T Co., Ltd. ("Defendant" or "Forstar") is not properly registered to do business in the State of California, (*see, e.g.*, Mot. for Abatement at 3), and as such is prohibited from appearing in court to defend itself in the above-captioned action. (*Id.* at 4) Defendant argues that the law Plaintiff cites for its proposition only bars an unregistered corporation from *commencing* an action in the courts of the state, but not *defending* itself against an action in the courts. (Defs.' Resp. to Mot., ECF 39 at 1) The Court, having reviewed the submissions of the parties, finds that this Motion is appropriate for determination without oral argument, pursuant to Civil Local Rule 7-1(b), and DENIES Plaintiff's Motion.

Plaintiff presents two arguments in favor of its Motion. First, it cites California Corporations Code § 2105, which bars a foreign corporation from "transact[ing] intrastate business [in California] without first obtaining from the Secretary of State a certificate of qualification." Cal. Corp. Code § 2105(a). Corporations Code section 2203(c) states that "[a] foreign corporation . . . which transacts intrastate business without complying with Section 2105 *shall not maintain any action or proceeding* upon any intrastate business so transacted in any court

1  in this state." Cal. Corp. Code § 2203(c) (emphasis added). Plaintiff argues that the correct
2  interpretation of "maintain any action" would wholly bar a company failing to comply with
3  Corporations Code § 2105 from commencing or defending any action in courts in the state. (Mot.
4  for Abatement at 4 ("Plaintiff now moves to abate . . . on the basis that [Defendant], an
5  unregistered foreign corporation transacting intrastate business, may neither commence nor
6  maintain (defend) an action in Federal court in the State of California.")) Second, Plaintiff cites
7  *Reed v. Norman*, a 1957 California Supreme Court decision, for the proposition that "[a] foreign
8  corporation whose rights have been forfeited for failure to pay state taxes may not prosecute or
9  defend an action, nor appeal from an adverse judgment." *Reed v. Norman*, 48 Cal. 2d 338, 343
10 (1957); *see also* Mot. for Abatement at 11.

11     The Court is not persuaded by either of Plaintiff's arguments.

12     First, as cited in Defendant's Response, (ECF 39), California courts have repeatedly found
13 that Corporations Code § 2105 has no bearing on a corporation's ability to defend itself against a
14 lawsuit. The Court finds *United Medical Management, Ltd. v. Gatto* to be dispositive of the
15 question: "[A] foreign corporation transacting intrastate business which has failed to qualify with
16 the Secretary of State *may nevertheless defend and action* brought against it in state court." *United*
17 *Med. Mgmt., Ltd. v. Gatto*, 49 Cal. App. 4th 1732, 1739 (1996); *see also Raynolds v.*
18 *Volkswagenwerk Akteingesellschaft*, 275 Cal. App. 2d 997, 1003 (1969) (holding that failure to
19 comply the predecessor statute to § 2105 did not "preclude a corporation from defending actions"
20 brought against it). Thus, the Court need not engage with the factual inquiry of Defendant's
21 alleged non-compliance with § 2105 – even if Defendant were non-compliant, the bar on
22 "maintaining" an action would not apply to a corporation defending itself when sued, as is the case
23 here.

24     Second, Plaintiff's citation to *Reed v. Norman* is inapposite to the question presented here.
25 In *Reed*, the corporation had its corporate rights suspended by the state due to its failure to pay
26 taxes. *See Reed*, 48 Cal. 2d 338, 343. Nowhere in Plaintiff's briefing does it argue that Defendant
27 has failed to pay any necessary state taxes, nor have its corporate rights suspended by the state as a
28 result of such a non-payment.

1  The Court ultimately agrees with Defendant – Plaintiff has not articulated, through statute or case law, any rationale that would justify the Court barring Defendant from appearing in Court to defend itself against Plaintiff's suit. As such, the Court DENIES Plaintiff's Motion for Abatement.

**IT IS SO ORDERED.**

Dated: July 3, 2014

_____
HON. BETH LABSON FREEMAN
United States District Judge