UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SENAH, INC,<br><br>              Plaintiff,<br><br>       v.<br><br>XI'AN FORSTAR S&T CO, LTD,<br><br>              Defendant. | Case No. 13-cv-04254-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COSTS**<br><br>[Re: Dkt. No. 11] |

Before the Court is Defendant Xi'an Forstar S&T Co.'s ("Defendant" or "Xi'an") Motion for Costs and Stay of Proceedings ("Mot. for Costs"). (ECF 11) Defendant argues that Plaintiff Senah, Inc. ("Plaintiff" or "Senah") ran afoul of Federal Rule of Civil Procedure 41(d), which authorizes an award of costs to a defendant when "a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant." Fed. R. Civ. P. 41(d). Defendant brings this Motion after Plaintiff voluntarily dismissed its first action against Defendant, alleging the same three causes of action at issue in the above-captioned action, one week prior to when oral argument was to be held on a fully-briefed motion to dismiss. (Mot. for Costs, ECF 11 at 2) Plaintiff argues in response that it should not be held liable for costs, as it voluntarily dismissed its prior action and re-filed the current, above-captioned action in order to comply with the service requirements of the Hague Convention, because Defendant is a Chinese corporation. (Resp. to Mot. for Costs, ECF 18 at 2, 3) The Court, having considered the briefing of the parties, finds this Motion appropriate for disposition without oral argument, pursuant to Civil Local Rule 7-1(b), and DENIES Defendant's Motion.

## I. Background

Plaintiff filed its first action against Defendant in California state court on February 27, 2013. (Mot. for Costs at 2) After removal to the Northern District in April 2013, Defendant moved to dismiss. (*Id.*) Thereafter, Plaintiff filed an Amended Complaint (*id.*), and Defendant moved to dismiss a second time. (*Id.*) This second Motion to Dismiss was fully briefed and set for hearing, but one week prior to that hearing, on August 22, 2013, Plaintiff voluntarily dismissed the action pursuant to Rule 41(a). (*Id.*) Thereafter, Plaintiff filed the above-captioned action on September 13, 2013. (ECF 1)

## II. Legal Standards

Defendant moves for costs under Rule 41(d), which provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

Courts have consistently held that the purpose of Rule 41(d) is to act as a "deterrent to forum shopping and vexatious litigation," *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996), and to "protect defendants from the harassment of repeated lawsuits." *Jurin v. Google, Inc.*, 695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010). District courts maintain "broad discretion" to award costs when Rule 41 is violated, but such an award is not mandatory. *See, e.g.*, *Esquivel*, 913 F. Supp. 1382, 1387. In analyzing purported violations of Rule 41, the Plaintiff bears the burden to show a "persuasive explanation" for its course of the litigation, *id.* at 1388, while the Defendant must show only that it "incurred needless expenditures" as a result of Plaintiff's conduct. *Id.*

## III. Discussion

Defendant argues that Plaintiff's "newly filed Complaint is nearly identical to the Complaint and Amended Complaint filed in the prior action against [Defendant]." (Mot. for Costs at 4) Awarding costs, Defendant argues, would "serve the recognized purpose of Rule 41(d)" by preventing the incursion of unnecessary costs during litigation. (*Id.*) Defendant argues that it incurred needless expense defending the original action in five ways: (1) its motion to dismiss in

2

the original action; (2) its declination of Magistrate Judge jurisdiction; (3) its preparation of a Rule 26(f) report for a case management conference; (4) its preparation of "required ADR submissions;" and (5) its review of the Plaintiff's voluntary dismissal. (Mot. for Costs at 5) It states that its costs for these five actions amounts to $34,757.13 - $3,294.33 for costs (within which it includes "online legal research, document retrieval, and postal mailings), and $31,462.80 in attorney's fees. (*Id.* at 7)[1]

Plaintiff, in response, argues that its voluntary dismissal is not the type of litigation tactic Rule 41(d) is designed to prevent. First, it argues that Rule 41(d) is designed to prevent forum shopping, and that it re-filed its action in the same district from which it voluntarily dismissed the prior Complaint. (Opp. to Mot. for Costs at 3) Second, it argues that it re-filed the action "solely so that service could be made in compliance with the Hague Convention." (*Id.* ("[D]efendant had not been served in compliance with the Hague Convention with the consequence that the proceedings and any result favorable to plaintiff would not be recognized in China.")) This, it states, shows no "intent to harass defendant." (*Id.*)

The Court ultimately agrees with Plaintiff that an award of costs in this circumstance would be misguided. Defendant argues that, if Plaintiff had recognized that service was imperfect, it should have "attempted to cure the stated defect by seeking to perfect service in the prior action." (Reply, ECF 22 at 4) The Court recognizes that this may have been a better course of action, but that Plaintiff was by no means required to engage in the litigation tactics outlined by Defendant in order to effectuate the wishes of its client, which "feared that actions might be taken in China that could thwart Plaintiff's attempt at proper service under the Hague Convention."[2]

---

[1] Defendant asks that the Court reward both its costs and attorney's fees in regard to its work defending against the prior action. The Court recognizes that the Ninth Circuit has not yet ruled on the question of whether attorney's fees are recoverable under Rule 41(d). Because the Court declines to award costs, it declines to reach this question.

[2] The Court agrees with Defendant's Reply, however, that Plaintiff's decision to disclose the content of this communication between counsel and Plaintiff's president has waived the attorney-client privilege with regard to this communication and its subject matter. *See, e.g.*, *Weil v. Investment/Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981) ("Voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject.").

(Opp. to Mot. for Costs at 2)  Dismissal to ensure that proper service could be effectuated – and thus that any successful judgment rendered would be recognized by a foreign jurisdiction – is not, in this Court's view, a vexatious or harassing litigation tactic.

Further, the Court is not persuaded by Defendant that its work on the prior action, particularly with regard to the drafting and filing of the Motion to Dismiss, "will [not] contribute toward [its] defense of the present action." (Mot. for Costs at 5) Defendant argues repeatedly that Plaintiff merely re-filed a Complaint featuring the same three causes of action as included in the prior, now-dismissed Complaint. (*See, e.g.*, Mot. for Costs at 4 (alleging that Plaintiff's action is an assertion of the "exact same three causes of action")) As such, its work producing the Motion to Dismiss in the prior action is not useless for its defense of the current action.

## IV.   Conclusion

The Court does not find that Plaintiff engaged in vexatious or abusive litigation tactics in voluntarily dismissing its prior action before re-filing the instant Complaint. Defendant's explanation for its conduct – to perfect service due to the requirements of the Hague Convention – is a sufficiently "persuasive explanation," *Esquivel*, 913 F. Supp. 1382, 1388, for the Court to decline to award costs in this circumstance. Defendant's Motion for Costs and Stay is therefore DENIED.

**IT IS SO ORDERED.**

Dated: July 3, 2014

_____
HON. BETH LABSON FREEMAN
United States District Judge