UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SENAH, INC,<br>    Plaintiff,<br>v.<br>XI'AN FORSTAR S&T CO, LTD,<br>    Defendant. | Case No. 13-cv-04254-BLF<br><br>**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS**<br><br>[Re: Dkt. Nos. 12, 20] |

Before the Court is Defendant Xi'an Forstar S&T Co., Ltd.'s ("Defendant" or "Forstar") Partial Motion to Dismiss Plaintiff Senah, Inc.'s ("Plaintiff" or "Senah") Complaint. Defendant seeks to dismiss Plaintiff's third cause of action for fraud, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(b). Defendant further asks the Court to strike Plaintiff's prayer for exemplary damages pursuant to Rule 12(f). Having reviewed the papers submitted by both parties, the Court finds this Motion appropriate for adjudication without oral argument, pursuant to Civil Local Rule 7-1(b). For the reasons outlined below, the Court GRANTS Defendant's Partial Motion to Dismiss, with leave to amend, and DENIES AS MOOT Defendant's Request to Strike Exemplary Damages.

**I.    BACKGROUND**

    **A.    Procedural History**

Plaintiff filed its Complaint in the above-captioned action on September 13, 2013, (Compl., ECF 1), alleging causes of action for breach of contract, common counts, and fraud. Defendant moved to dismiss Plaintiff's third cause of action, for fraud, on January 13, 2014. (Mot. to Dismiss, ECF 12) Plaintiff timely responded on January 27, 2014. (Opp. to Mot. to Dismiss, ECF 19) Defendant replied on January 31, 2014. (ECF 23) The case was reassigned to the

undersigned judge on April 17, 2014.

### B. Factual Allegations

Plaintiff is a California corporation with its principal place of business in Santa Clara County, California. (Compl. ¶ 1) Defendant, as alleged by Plaintiff, is a "business organization, form unknown, with its principal place of business in China." (Compl. ¶ 2) From the Complaint, it appears that in 2004 Plaintiff (then doing business as a corporation called SEI) and Defendant entered into a written contract whereby Plaintiff would serve as Defendant's sales representative in "North, Central, and South America." (Compl. ¶ 8) Plaintiff was to receive commissions for sales to certain companies, including CommScope. (Compl. ¶¶ 8b, 8c, 8d) The contract could be terminated by the parties "for fault on 180 days written notice if fault was not cured within the 180 day notice period," (Compl. ¶ 8e), or "without cause on 30 days notice prior to the automatic renewal dates" of the contract, (*id.*), which occurred annually on August 7. (Compl. ¶ 8a) Plaintiff alleges that, "on or about December 13, 2012 defendant breached the contract" by failing to make required payments on balances due and "terminating the agreement in violation of its terms." (*Id.* ¶ 12)

Plaintiff's third cause of action, for fraud, is the target of this Motion to Dismiss. In its fraud cause of action, Plaintiff alleges that Defendant defrauded Plaintiff by making "misrepresentations of a material fact." (Compl. ¶ 29) Plaintiff alleges that Defendant failed to report to Plaintiff all sales upon which it would be owed a commission, (*id.*), and had misrepresented that it "had paid all such commissions owing to Plaintiff." (*Id.*) Plaintiff states that, on December 11, 2012, an employee of Defendant named Lily Cai, identified as the "Manager, International Department for Defendant," (Compl. ¶ 31), attached a spreadsheet to an email sent to Plaintiff, which "misrepresented commissionable sales" to four different companies: Konnect RF, (*id.* ¶ 31), Tektronix, (*id.* ¶ 32), RFDepot (*id.* ¶ 33), and CommScope. (*Id.* ¶ 34). On that same day, Plaintiff alleges, Ms. Cai also spoke by phone with Plaintiff's president, Don Hanes. (Compl. ¶ 32; *see also* Resp. to Mot. to Dismiss at 3-4 (noting that this phone call was in relation to alleged misrepresentations to sales to Tektronix)) Plaintiff states that "[i]n justifiable reliance on defendant's conduct plaintiff spent its time and energy calling on prospective clients . . . to solicit

1 sales and develop accounts within [its] territory and in furtherance of its obligations to defendant
2 under the contract." (Compl. ¶ 35) Plaintiff seeks $1.5 million in damages, "or more, as conforms
3 to proof," (*id.* ¶ 36), as well as exemplary damages of $5 million. (Compl. at 9; *see also id.* ¶ 37
4 ("[Plaintiff] should recover, in addition to actual damages, damages to make an example of and to
5 punish defendant."))

6 Defendant moves to dismiss, arguing that Plaintiffs fail to allege any of the five elements
7 necessary for a claim for fraud. (Mot. to Dismiss at 6) Defendant further seeks to strike Plaintiff's
8 request for exemplary damages pursuant to Rule 12(f).

## II.  LEGAL STANDARDS

### A.  Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of its complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). In interpreting Rule 8(a)'s "short and plain statement" requirement, the Supreme Court has held that plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff[s] plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not ask the Plaintiffs to plead facts that suggest they will probably prevail, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519, F.3d 1025, 1031 (9th Cir. 2008). The Court is not, however, forced to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120 (N.D. Cal. 2014) (citing *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)).

### B. Rule 9(b) Fraud Pleadings

When, as here, Plaintiffs plead a cause of action for fraud or mistake, they are subject to the heightened pleading requirements of Rule 9(b). "In alleging fraud or mistake, a party must state *with particularity* the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). Rule 9(b) demands that the circumstances constituting any alleged fraud be plead "specific[ally] enough to give defendants notice of the *particular misconduct* . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) (citing *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (emphasis added). Claims of fraud *must* be "accompanied by the who, what, when, where, and how of the misconduct alleged." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

### C. Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), a court should grant leave to amend a complaint "when justice so requires," because "the purpose of Rule 15 . . . [is] to facilitate *decision on the merits*, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (emphasis in original). The Court may deny leave to amend, however, for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. DISCUSSION

Under California law, to state a claim for fraud a party must plead facts to sufficiently allege five elements: (1) a misrepresentation; (2) the speaker's knowledge of falsity; (3) the intent to defraud or induce reliance; (4) justifiable reliance; and (5) resulting damage. *See, e.g.*, *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). Defendant argues that Plaintiff has failed to plead any of these elements. The Court agrees, and addresses each in turn.

**A.    Misrepresentation**

When alleging a misrepresentation by a corporate defendant, a plaintiff's complaint must plead "the names of the persons who made the allegedly fraudulent representation, *their authority to speak*, to whom they spoke, what they said or wrote and when it was said or written." *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991) (emphasis added). The allegations "must be specific enough to give defendants notice of the particular conduct which is alleged to have constituted the fraud . . . ." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).

Plaintiff alleges in its Complaint, and reiterates in its Opposition to the Motion to Dismiss, that Lily Cai, an employee of Defendant, allegedly sent an email with an attached spreadsheet that misrepresented sales figures to four corporations: Konnect RF, Tektronix, RFDepot, and CommScope. (Compl. ¶¶ 31-34; *see also* Opp. to Mot. to Dismiss at 3-6) With regard to the alleged misrepresentation of sales figures to Tektronix, Plaintiff further indicates that Ms. Cai spoke to Plaintiff's president, Don Hanes, by phone. (Compl. ¶ 32)

Defendant argues that Plaintiff has not pled that Ms. Cai has the authority to speak on behalf of Defendant. (Mot. to Dismiss at 11-12) Additionally, Defendant argues that Plaintiff has not adequately pled that it was owed commissions on sales other than those included in the spreadsheet sent by Ms. Cai. (*Id.*)

The Court agrees with Defendant. First and foremost, Plaintiff has not pled that Ms. Cai had authority to speak on behalf of Defendant. Plaintiff has stated only Ms. Cai's title, "Manager, International Department of Defendant," but no further facts by which the Court could determine that she was permitted to speak on Defendant's behalf. *Cf., e.g.*, *In re Bartoni-Corse Produce, Inc.*, 130 F.3d 857, 862 (9th Cir. 1997). Beyond its defects in pleading Ms. Cai's authority, Plaintiff has not adequately pled the necessary "who, what, where, when, and how" of the misrepresentation, *see Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003), so as to meet the heightened pleading requirements of Rule 9(b). In relation to Konnect RF, for example, Plaintiff states that "defendant misrepresented commissioned sales to Konnect RF as being made only for five months [in 2012]," (Compl. ¶ 31), but that Plaintiff's president was later

told by Konnect RF that it "had been buying from defendant continuously for more than two years as of April, 2013." (*Id.* ¶ 31) Plaintiff has not stated facts, however, that show any of the sales to Konnect RF, which were not included in the spreadsheet, were sales for which Plaintiff was entitled to a commission. The bare accusation that a spreadsheet was sent, via email, and did not include all sales to a particular party is not enough to plead fraud under Rule 9(b)'s heightened pleading requirements. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state *with particularity* the circumstances constituting fraud or mistake.") (emphasis added).

Further, in regard to Ms. Cai's phone call with Plaintiff's president, Don Hanes, (Compl. ¶ 32), Plaintiff does not state the content of this call or any topics discussed. By inference, it would seem that Plaintiff is attempting to plead that Ms. Cai misrepresented Defendant's sales to Tektronix during this call, but Plaintiff makes no attempt to plead facts by which the Court could draw this conclusion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that a complaint must show "more than a sheer possibility that a defendant has acted unlawfully").

For these reasons, Plaintiff has not adequately pled facts to show misrepresentation.

**B.     Knowledge of Falsity**

To plead this prong, a Plaintiff must allege that the Defendant knew or should have known that the representations being made were false. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003).

Plaintiff states in the Complaint that the representations made by Defendant in the spreadsheet sent by Ms. Cai "were false." (Compl. ¶ 30) However, nowhere in the Complaint does Plaintiff allege that Ms. Cai *knew* that the representations being made were false, nor that any other employee of Defendant knowingly made misrepresentations. It merely alleges that the sales included in the December 11, 2012 spreadsheet were inaccurate with regard to four companies, each of whom had informed Plaintiff of a different sales figure than was reported on the spreadsheet. (*See, e.g.*, Compl. ¶ 33 ("[D]efendant misrepresented commissionable sales to RFDepot as non-existent. However, in June, 2012 Plaintiff's President, Don Hanes was informed by Richard Pouliot, President of RFDepot that RFDepot had been buying from defendant continuously for more than the past five years."))

6

1    Plaintiff has made no showing that any person working for Defendant, including Ms. Cai,
2    knew that the information included in the spreadsheet was false.  As such, it has failed to
3    adequately plead knowledge of falsity.

### C. Intent to Defraud or Induce Reliance

To adequately plead this prong, Plaintiff must state facts to show that "the defendant thereby intended to induce the plaintiff to act to his detriment in reliance on the false representation." *Vega v. JPMorgan Chase Bank, N.A.*, 654 F. Supp. 2d 1104, 1116 (E.D. Cal. 2009) (citing *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004)).

Plaintiff does not plead any facts that would indicate that Defendant acted to induce reliance on the allegedly false sales figures. It states that Ms. Cai sent an email with a spreadsheet attached to it, which included the figures that Plaintiff believes were false. (*See, e.g.*, Compl. ¶ 31) Plaintiff further states that "defendant willfully and intentionally concealed that (sic) fact that it was making sales to companies in plaintiff's territory and on which commissions were owed to plaintiff . . . ." (*Id.* ¶ 38(1))

Though intent can be pled generally in a fraud action, *see* Fed. R. Civ. P. 9(b), Plaintiff must still plead facts by which the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's bare allegation that Defendant intentionally concealed its sales figures in this attached spreadsheet is not sufficient for the Court to infer that Defendant intended Plaintiff to rely on that spreadsheet. Cursorily stating that Defendant has engaged in "fraud," with nothing more pled in support of that allegation, is asking the Court to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations," *Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120, 1127, which the Court cannot do after *Twombly* and *Iqbal*.

### D. Justifiable Reliance

Justifiable reliance exists when "the misrepresentation or nondisclosure was an *immediate* cause of plaintiff's conduct which altered his or her legal relations, and without such misrepresentation or nondisclosure he or she would not, in all reasonable probability, have entered into the contract or other transaction." *City Solutions, Inc. v. Clear Channel Comm'cns*, 365 F.3d

7

835, 840 (9th Cir. 2004) (emphasis added) (citing *Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (1995)).

Plaintiff states that it justifiably relied on defendant's conduct such that it "spent its time and energy calling on prospective clients . . . to solicit sales and develop accounts within [its] territory and in furtherance of its obligations to defendant under the contract." (Compl. ¶ 35) Defendant argues that Plaintiff has merely pled that it carried out its pre-existing obligations under the contract, (Mot. to Dismiss at 7), and that Plaintiff does not plead any actions that took place *after* it learned of the alleged misrepresentations. (*Id.* at 8 (stating that Plaintiff has "completely failed to allege how [it] acted in justifiable reliance *after* Forstar's purported misrepresentations on December 11, 2012") (emphasis in original))

The Court agrees with Defendant. Plaintiff has not pled that it took any action separate from its obligations under the contract. Plaintiff's allegations merely state that Plaintiff, "in justifiable reliance on defendant's conduct," continued to solicit sales and develop accounts "in furtherance of its obligations to defendant." (Compl. ¶ 35) Plaintiff does not state that it took any action after December 11, 2012, having then learned about the alleged misrepresentations. It does not allege that the misrepresentations caused it to do anything different than was demanded of it under the terms of the contract. Under California law, continued performance of an underlying contractual obligation is not considered detrimental reliance. *See, e.g.*, *Serv. by Medallion, Inc. v. Clorox Co.*, 44 Cal. App. 4th 1807, 1818-19 (1996) ("The expenses Medallion incurred in preparing to perform its contractual duty, though allegedly responsive to Clorox's promise, *were essential to its subsequent performance of the service agreement*, and therefore could not have been considered detrimental.") (emphasis added).

Having failed to plead any actions it took in justifiable reliance of learning of the misrepresentation, Plaintiff has not sufficiently pled the justifiable reliance element of fraud.

**E.  Damages**

The final element for a claim for fraud is resulting damage. "Whatever form it takes, injury or damage from fraud must not only be distinctly alleged but its causal connection with reliance on the representations must be shown." *Serv. by Medallion*, 2 Cal. App. 4th 1807, 1818; *see also*

8

*Williams v. Wraxall*, 33 Cal. App. 4th 120, 132 (1995) ("A complete causal relationship between the defendant's conduct and plaintiff's damages is required.") (internal citations omitted).

Plaintiff alleges that, because of Defendant's conduct, it has "been damage[d] by incurring out of pocket expenses to travel to entertain and solicit accounts and by the loss of unpaid commission revenues due" in the amount of $1.5 million. (Compl. ¶ 36) Defendant argues that Plaintiff's "damages for the misrepresentation are not tied to the actions they allegedly took (soliciting sales, etc.) in purported reliance on Forstar's alleged misrepresentations." (Mot. to Dismiss at 9)

The Court agrees that Plaintiff has not adequately pled damages that are tied to the alleged fraudulent misrepresentation. Plaintiff alleges the same $1.5 million in damages for its first cause of action for breach of contract, (Compl. ¶ 14), and for its second cause of action for common counts. (Compl. ¶¶ 20-22, 24) Plaintiff has pled no facts that show actual monetary damages caused by the alleged misrepresentations that are separate from its claims arising out of the contract itself. Courts have repeatedly rejected attempts to plead fraud where the alleged damages "are the same economic losses arising from the alleged breach of contract." *Multifamily Captive Grp. LLC v. Assurance Risk Managers, Inc.*, 629 F. Supp. 2d 1135, 1146 (E.D. Cal. 2009) (citing *Intelligraphics, Inc. v. Marvell Semiconductors, Inc.*, Case No. C07-02499-JCS, 2009 WL 330259, at *17 (N.D. Cal. Feb. 10, 2009) (finding that allowing fraud claims in such circumstances would "open the door to tort claims in virtually every case in which a party promised to make payments under a contract but failed to do so")).

Because Plaintiff has failed to adequately plead damages separate from those alleged based on the contract itself, the Court finds that Plaintiff has failed to satisfy the resulting damages prong of fraud.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff has failed to plead facts sufficient to show any of the five prongs of a fraud cause of action. Plaintiff's third cause of action for fraud is thus DISMISSED, with leave to amend in order to cure the deficiencies outlined above. Defendant's request to strike Plaintiff's claim for exemplary damages is therefore DENIED AS MOOT, as the

only cause of action that would have supported a claim for exemplary damages has been dismissed by the Court.

If Plaintiff elects to amend its Complaint, it shall file an Amended Complaint with the Court no later than twenty-one (21) days after the issuance of this Order. The Amended Complaint shall be due by July 24, 2014.

**IT IS SO ORDERED.**

Dated: July 3, 2014

_____
HON. BETH LABSON FREEMAN
United States District Judge