# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

SENAH, INC,

    Plaintiff,

v.

XI'AN FORSTAR S&T CO, LTD,

    Defendant.

Case No. 13-cv-04254-BLF

**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS**

[ECF 50]

The above-captioned action arises out of a contract dispute over the payment of sales commissions. Before the Court is Defendant Forstar's second partial motion to dismiss Plaintiff Senah's third cause of action for fraud. For the reasons outlined below, the Court GRANTS Defendant's Motion.

## I.  BACKGROUND

### A.  Procedural History

On July 3, 2014, the Court granted Forstar's first partial motion to dismiss the fraud claim. On July 24, 2014, Senah timely filed its First Amended Complaint. Defendant again moved to dismiss the fraud cause of action on August 11, 2014. The Court heard oral argument on November 6, 2014.

### B.  Factual Background

Senah, a California company, brings suit against Forstar, a company with its principal place of business in China, for breach of contract, common counts, and fraud. *See* FAC, ECF 49 ¶¶ 1-2. The FAC alleges that the parties entered into a contractual arrangement in 2004 whereby Plaintiff would serve as a sales representative for Defendant in "North, Central, and South America." FAC ¶ 8a. The contract outlined what commissions would be paid to Senah for certain

sales made. *See id.* at ¶¶ 8a-8d.

The third cause of action alleges that Forstar committed fraud by making certain representations to Plaintiff. The FAC alleges that Forstar's President, Jerry Gao, told Plaintiff on December 29, 2010, that the "contract would remain in effect and that commissions would remain payable to plaintiff in consideration of plaintiff's efforts and in lieu of termination." FAC ¶ 28. Senah alleges that it relied on this representation in two ways: (1) reducing commissions payable to a company called CommScope and (2) sending its President to Forstar's Chinese facility. FAC ¶ 29(2). Senah further alleges, as it did in its original Complaint, that Lily Cai, the Defendant's "Manager, International Department," sent plaintiff a spreadsheet which misrepresented commissionable sales made to several companies, including KonnectRF, Textronix, RF Depot, and CommScope, FAC ¶¶ 34-37, and that Ms. Cai also made a telephone call to Plaintiff misrepresenting sales commissions owed to Textronix, *see* FAC ¶ 35.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of its complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). A "short and plain statement" demands that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519, F.3d 1025, 1031 (9th Cir. 2008).

### B.    Rule 9(b)

A cause of action for fraud is subject to the heightened pleading requirements of Rule 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting

fraud or mistake." Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). Rule 9(b) demands that the circumstances constituting any alleged fraud be plead "specific[ally] enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Claims of fraud must be "accompanied by the who, what, when, where, and how of the misconduct alleged." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

### III. DISCUSSION

To plead a cause of action for fraud in California, a party must allege five elements: (1) a misrepresentation, (2) the speaker's knowledge of falsity, (3) the intent to defraud or induce reliance, (4) justifiable reliance, and (5) resulting damages. *See, e.g.*, *Small v. Fritz Cos.*, 30 Cal. 4th 167, 174 (2003). The Court considers below the two alleged misrepresentations, and finds that Plaintiff does not make a sufficient showing for either under California's test for fraud.

#### A. Jerry Gao's Statement Regarding the Contract Remaining in Effect

Senah alleges, in total, that Jerry Gao made oral representations:

> [T]hroughout the course of the contracts, most recently on 12/29/2010, in meetings at defendant Forstar's Facility in China to assure and encourage Senah (specifically, its' president, Donald Hanes and its' sales team) to spend time and money and effort beyond that required by contract on continued sales effort in the expansion of sales and solution of problems created by Defendant and that its contract would remain in effect and that commissions would remain payable to plaintiff in consideration of plaintiff's efforts and in lieu of termination.

FAC ¶ 28. This paragraph, and thus the FAC, fails to make out a claim for fraud for four reasons.

First, Senah fails to plead how this statement constitutes a misrepresentation. Plaintiff states that Mr. Gao made this statement "most recently" in December 2010. *Id.* However, earlier in the FAC, Plaintiff alleges that the contract was not breached until, at the earliest, December 13, 2012. FAC ¶ 12. Plaintiff completely fails to connect the dots as to how a general statement made in 2010 that the contract would remain in effect constitutes a fraudulent misrepresentation when it is only alleged that the contract was not breached until nearly two years later.

Second, Senah fails to plead that Mr. Gao knew, or should have known, that the

3

1  representations he was making were false. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,
2  1105 (9th Cir. 2003) (holding that knowledge of falsity is a requirement for pleading a fraud claim
3  under California law).

4  Third, Senah fails to plead any ways in which "the defendant thereby intended to induce
5  the plaintiff to act to his detriment in reliance on the false on the false representation." *Vega v.*
6  *JPMorgan Chase Bank, N.A.*, 654 F. Supp. 2d 1104, 1116 (E.D. Cal. 2009). Senah merely claims
7  that it took action "[i]n further reliance on these representations." FAC ¶¶ 29(1)-29(2). Though
8  intent can be alleged generally under Rule 9(b), Senah must plead *some* facts that allow the Court
9  to reasonably infer that Forstar intended to induce the two actions which Senah alleges constitute
10 justifiable reliance. *Cf. Iqbal*, 556 U.S. 662, 678 (2009). Senah wholly fails to do so.

11 Fourth, Senah fails to show justifiable reliance. Justifiable reliance exists when "the
12 misrepresentation or nondisclosure was an immediate cause of plaintiff's conduct which altered
13 [its] legal relations." *City Solutions, Inc. v. Clear Channel Comm'cns*, 365 F.3d 835, 840 (9th Cir.
14 2004). Senah alleges justifiable reliance in two ways: its agreement to cut commissions on
15 CommScope sales, and its President's travel to Forstar's Chinese facility. FAC ¶ 29. Neither
16 suffices, because Senah fails to show immediacy. The only date included in its allegation of Mr.
17 Gao's representations is December 29, 2010, but Senah pleads that it agreed to cut commissions in
18 2006, 2008, and 2009. Senah pleads no specific statements on dates prior to any of these
19 agreements to reduce commissions. *See Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

20 **B.    Lily Cai's Spreadsheet and Phone Call**

21 The Court has previously dismissed, with leave to amend, Senah's allegations related to
22 Ms. Cai's act of attaching a purportedly misleading spreadsheet to a December 11, 2012 email
23 sent to Senah's President. *See* ECF 46 at 5-8. Plaintiff's attempt to amend has not brought it any
24 closer to pleading a claim for fraud. Plaintiff once again fails to plead that Ms. Cai knew the
25 figures in the spreadsheet were false, or that Ms. Cai even has authority to speak on behalf of the
26 Defendant, as required when pleading the misrepresentation of a corporate defendant. *See*
27 *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991). Additionally, Senah
28 fails to plead with any specificity *how* it justifiably relied on Ms. Cai's statements, apart from

4

1    alleging that it continued to perform the terms of the contract. California law, however, is crystal

2    clear: continued performance of an underlying contractual obligation is not detrimental reliance.

3    *See, e.g.*, *Serv. by Medallion, Inc. v. Clorox Co.*, 44 Cal. App. 4th 1807, 1818-19 (1996).

4    At oral argument, Plaintiff's counsel stated that Senah was attempting in its third cause of

5    action to allege a claim for fraudulent concealment. Recognizing that Senah cannot plead a cause

6    of action for fraud, the Court stated at oral argument that Senah's counsel had provided the Court

7    with adequate reasons as to why it should be given the opportunity to amend its third cause of

8    action to allege a fraudulent concealment claim.

9    Under California law, a party seeking to plead a cause of action for fraudulent concealment

10   must show that:

> (1) [T]he defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.

*See, e.g.*, *Bank of Am. Corp. v. Superior Court*, 198 Cal. App. 4th 862, 870 (citing *Kaldenbach v. Mut. of Omaha Life Ins. Co.*, 178 Cal. App. 4th 830, 850 (2009). Plaintiff must plead these facts with the particularity required under Rule 9(b). *See Kearns*, 567 F.3d 1120, 1124.

### IV.   ORDER

For the foregoing reasons, Defendant's Partial Motion to Dismiss is GRANTED, and Plaintiff's third cause of action for fraud is DISMISSED WITH PREJUDICE. Plaintiff is granted leave to amend *only* to allege a cause of action for fraudulent concealment. Plaintiff may not otherwise add new causes of action to a Second Amended Complaint. Plaintiff must file any Second Amended Complaint no later than December 3, 2014.

**IT IS SO ORDERED.**

Dated: November 12, 2014

_____
BETH LABSON FREEMAN
United States District Judge