**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SENAH, INC,<br>　　　　Plaintiff,<br>　　v.<br>XI'AN FORSTAR S&T CO, LTD,<br>　　　　Defendant. | Case No. 13-cv-04254-BLF<br><br>**ORDER**<br>**(1) GRANTING DEFENDANT'S THIRD PARTIAL MOTION TO DISMISS, WITH PREJUDICE;**<br>**(2) GRANTING DEFENDANT'S MOTION TO STRIKE EXEMPLARY DAMAGES**<br><br>[Re: ECF 70] |

This is the third attempt by Plaintiff Senah, Inc. to plead a cause of action for fraud against Defendant Forstar. The previous two pleadings were dismissed by this Court with leave to amend. *See* ECF 46, 63. Plaintiff's Second Amended Complaint ("SAC") attempts to plead a cause of action for fraudulent concealment arising out of alleged misrepresentations made over email by an employee of Defendant. Defendant once again moves to dismiss, and also moves to strike Plaintiff's prayer for punitive damages. Because Plaintiff fails to plead a cause of action for fraud with the particularity required under Federal Rule of Civil Procedure 9(b), and because Plaintiff has now been given three chances to plead a fraud cause of action, the Court GRANTS Defendant's motion to dismiss, with prejudice.

**I.    BACKGROUND**

All facts pled in the SAC are taken as true for purposes of adjudicating the motion to dismiss. *See Marzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1015, 1031 (9th Cir. 2008).

In 2004, Defendant hired Plaintiff to sell products in "North, Central, and South America." The contract between the parties provided that Plaintiff would be owed commissions on certain sales, the amount of which varied during the life of the contract. SAC ¶ 8a-8d. Plaintiff argues that

1    Defendant breached the contract in December 2012 by selling products within Plaintiff's territory
2    for which Plaintiff was entitled to commission, and failing to report those sales to Plaintiff or pay
3    said commissions owed. SAC ¶ 12. Plaintiff contends that Defendant had a contractual obligation
4    to disclose these sales to Plaintiff. SAC ¶ 29.

5    Plaintiff's fraudulent concealment claim is based on communication between Plaintiff and
6    a Forstar employee, Lily Cai, who represented herself to be the Manager of Forstar's International
7    Sales Department, SAC ¶ 30.1. On December 11, 2012, Ms. Cai sent a spreadsheet to Plaintiff via
8    email which Plaintiff contends "misrepresented commissionable orders" to several companies,
9    including Konnect RF, Tektronix, and Radio Frequency Systems, SAC ¶¶ 30.2-30.5. Plaintiff
10   contends that Ms. Cai "knew of and intentionally concealed" information regarding the sales
11   Defendant made to Konnect RF, SAC ¶ 30.2, Tektronix, SAC ¶¶ 30.3-30.4, and Radio Frequency
12   Systems. SAC ¶ 30.5. Further, Plaintiff contends that Defendant had made sales to additional
13   companies, including Fluke Electronics, Volex Interconnect, and CommScope, which were not
14   reported in this December 11 spreadsheet. SAC ¶¶ 30.6-30.8. Finally, Defendant contends that
15   "Forstar intended to defraud and deceive Senah by intentionally concealing said facts." SAC ¶ 32.

## II. LEGAL STANDARD

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A plaintiff must therefore "plead enough facts to state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires a plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Any complaint that fails to meet these requirements may be dismissed pursuant to Rule 12(b)(6).

A cause of action for fraud is subject to the heightened pleading requirements of Rule 9(b). A party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Fraud claims must be "accompanied by the who, what, when, where, and how of the misconduct alleged." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

### III. DISCUSSION

Under California law, a cause of action for fraudulent concealment has five elements:

> (1) [T]he defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.

*Bank of Am. Corp. v. Superior Court*, 198 Cal. App. 4th 862, 870 (2011).

Defendant argues that Plaintiff has failed to adequately plead (1) that Ms. Cai had the authority to speak on behalf of Forstar; (2) that Ms. Cai intentionally concealed any unreported sales; and (3) that any concealment by Ms. Cai was done with the specific intent to defraud Plaintiff. *See* Def.'s Mot. at 7-11. Defendant contends that Plaintiff is attempting to turn a straight-forward breach of contract claim into a fraud claim in order to seek exemplary damages, *see id.* at 10, 11-12, and therefore also requests that the Court strike the request for exemplary damages. The Court deals with each of these arguments in turn.

#### A. Plaintiff adequately alleges Ms. Cai's authority to speak for Defendant

When pleading fraud against a corporation, the plaintiff must allege with particularity that the person who committed the concealment had the authority to speak on the corporation's behalf. *See, e.g.*, *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal App. 4th 153, 154-55 (1991) (stating a Plaintiff must allege five things: (1) the name of the person who made the representation, (2) his or her authority to speak, (3) to whom they spoke, (4) what was said, and (5) when it was said).

Unlike the prior two complaints, Plaintiff specifically pleads in the SAC facts that show Ms. Cai's authority to speak on behalf of Defendant. Plaintiff pleads that Ms. Cai "represented herself to be . . . Defendant's Manager of its International Sales Department *with full authority* to manage, make reports to, and make or arrange payments of all commissions owed to Plaintiff." SAC ¶ 30.1 (emphasis added). Though merely stating an individual's title and requesting the Court infer their authority to speak is insufficient for purposes of fraud pleading, *see, e.g.*, *Salmo v. PHH Mortg. Co.*, 2012 WL 84222, at *4 (C.D. Cal. Jan. 11, 2012) (finding that plaintiff's

allegations that a "Vice President" of a company made statements, without further explaining his authority to make those statements, was insufficient for purposes of Rule 9(b)), here Plaintiff provides additional facts. Plaintiff states the context with which Ms. Cai represented herself as authorized to speak for the company, and that Ms. Cai was formally introduced in this capacity to Plaintiff's president. SAC ¶ 30.1. This factual pleading is sufficient to plead that Ms. Cai was authorized to speak on behalf of Forstar.

### B. Plaintiff fails to adequately plead fraudulent concealment

Though Plaintiff pleads Ms. Cai's authorization to speak for Defendant when reporting sales commissions to Plaintiff, it fails to adequately plead two of the essential elements of a claim for fraudulent concealment.

The only communication made by Ms. Cai that Plaintiff alleges with any specificity is her December 11, 2012 email, which included the allegedly misleading spreadsheet. *See, e.g.*, SAC ¶¶ 30.2-30.8. Plaintiff has not specifically identified any other communication between Ms. Cai and Plaintiff, instead making the cursory statement that "plaintiff received regular and frequent communications by email, letter and telephone from Lily Cai." SAC ¶ 30.1. Whatever form these other communications took, they are not pled with the particularity required by *Cooper v. Pickett*, which demands the "who, what, where, when, and how" of the communication be pled. *See* 137 F.3d 616, 627. As such, the Court considers only Ms. Cai's December 11, 2012 email for purposes of determining whether she fraudulently concealed information from Plaintiff.

There are a number of problems with Plaintiff's claim that this email rises to the level of fraudulent concealment. The email persistently referenced in the SAC is not attached to the SAC, nor does Plaintiff describe in detail in the SAC exactly what the email, or the spreadsheet contained therein, was *supposed to include*. Plaintiff does attach to its opposition an email sent by Ms. Cai to Plaintiff on December 11, 2012. *See* Opp. Exh. A at 2-3.  The Court assumes, for purposes of adjudicating this motion, that this email is the communication between Ms. Cai and Plaintiff that gives rise to Plaintiff's fraudulent concealment cause of action.[1] Even having

---

[1] The document is clearly incorporated by reference into the SAC, because the SAC (1) refers to the email, (2) the email is central to Plaintiff's claim, and (3) no party questions the authenticity of

4

presented the Court with this email, however, it is wholly unclear the context in which the email was written, or, more importantly, what Plaintiff claims the email was supposed to say. In Ms. Cai's email, she states "[a]ttached are all the orders in USA for your reference." Opp. Exh. A at 2. The email then includes a small four-by-four chart, which the Court assumes to be the "spreadsheet" repeatedly referenced by Plaintiff in the SAC and briefing. This spreadsheet, however, consists only of the following:

|   |   |   |   |
|---|---|---|---|
|   | Tektronix | $4,095.56 |   |
|   | KRF | $5,419.43 |   |
|   |   | $9514.99 | 59944.437 RMB |

Opp. Exh. A at 3 (formatting and blank boxes in original). This spreadsheet is completely devoid of the necessary factual context. It simply contains the names of two companies and some monetary figures which, taking Plaintiff's pleadings to be true, amount to some commissions owed by Defendant to Plaintiff with regard to sales to these two companies. SAC ¶¶ 30.2-30.8.

The email and spreadsheet, and Plaintiff's pleadings about them, are inadequate to support a cause of action for fraudulent concealment – specifically, the first element, that Defendant "must have concealed or suppressed a material fact," and the third element, that Defendant "must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff." *Bank of Am.*, 198 Cal. App. 4th at 870.

With regard to the first element, Plaintiff does not plead *how* the email conceals a material fact. Though Plaintiff pleads that Defendant had a duty to disclose commissionable sales made within Plaintiff's territory, Plaintiff does not specifically plead what information the email or spreadsheet was supposed to include, or even what information Ms. Cai had represented the email

---

the document. *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994). Though Defendant in its reply argues that the email is devoid of necessary context, *see* Reply at 6-7, it does not question whether the email is authentic.

to include: neither the email nor SAC, for example, references the time period for commissionable sales that the monetary figures supposedly include. Plaintiff also does not plead that any of the sales allegedly concealed from the spreadsheet were made in the United States. *See* SAC ¶ 30.

Plaintiff pleads that the email fails to include some sales by certain companies, *see* SAC ¶ 30.2 (claiming that the spreadsheet did not include 27 orders placed by Konnect RF); SAC ¶ 30.3 (claiming that the spreadsheet did not include 20 orders placed by Tektronix); SAC ¶ 30.5 (claiming that the spreadsheet did not include 25 orders placed by Radio Frequency Systems), and that the email does not include, but should have, sales to three other companies: CommScope, Fluke Electronics, and Volex Interconnect. SAC ¶¶ 30.6-30.8. But Plaintiff does not plead, even in a cursory fashion, that the email *was supposed to include this information*. Plaintiff's SAC is therefore deficient under even the more permissive *Twombly* and *Iqbal* pleading requirements, let alone the heightened requirements for pleading under Rule 9(b).

Without the information discussed above, Plaintiff cannot show that Defendant concealed a material fact that it was under a duty to disclose to Plaintiff. *See, e.g.*, *Bank of Am.*, 198 Cal. App. 4th 862, 871. Plaintiff has not plausibly pled that information was fraudulently concealed from it – much less meet Rule 9(b)'s heightened pleading requirements – when it has failed to offer even a basic description of what it believed the email or spreadsheet were supposed to say.

Further, with regard to the third element, Plaintiff fails to plead that Ms. Cai concealed any information with the specific intent to defraud Plaintiff. Plaintiff states several times that Ms. Cai "intentionally concealed" certain pieces of information, *see, e.g.*, SAC ¶ 30.2, and states that *Forstar* "intended to defraud" Plaintiff by intentionally concealing said facts. Plaintiff's conclusory pleading that Forstar wanted to defraud Plaintiff by failing to disclose certain information, without more, is insufficient under Rule 9(b) to state a cause of action for fraud. *See, e.g.*, *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) ("The complete absence of particularity in Bly-Magee's first amended complaint fails to satisfy Rule 9(b)."). Further, Plaintiff fails to make even a conclusory allegation that Ms. Cai herself acted with the intent to defraud. *See Bank of Am.*, 198 Cal. App. 4th at 870.

The Court, in its order granting Defendant's second partial motion to dismiss, granted

Plaintiff one final opportunity to plead a cause of action for fraudulent concealment, and discussed the relevant legal test and the requirement that the pleading conform to Rule 9(b)'s demands. *See* Dismissal Order, ECF 63 at 5. But Plaintiff has failed to adequately plead the first or third elements of a cause of action for fraudulent concealment. The Court finds that further amendment would be futile, due to Plaintiff's repeated failure to cure its pleading deficiencies, and therefore GRANTS Defendant's third partial motion to dismiss WITH PREJUDICE. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### C. Request to Strike Exemplary Damages

Plaintiff's SAC seeks exemplary damages in the amount of $5 million. SAC ¶ 37(6). Plaintiff's claim for fraudulent concealment is the only claim in its SAC that could give rise to exemplary damages, as causes of action for breach of contract and common counts cannot permit an award of exemplary damages. *See, e.g.*, *Mahon v. Berg*, 267 Cal. App. 2d 588 (1968).

It is well-established that when a complaint fails to state a claim for fraud, and no other cause of action supports an award of exemplary damages, the Court may strike the prayer for exemplary damages from the complaint. *See, e.g.*, *Bowen v. Access Am.*, 2012 WL 4761891, at *2 (N.D. Cal. Oct. 5, 2012) ("As Bowen has not sufficiently stated a claim for fraud, the only theory on which he seeks exemplary damages, the prayer for exemplary damages will be stricken.").

## IV. ORDER

For the foregoing reasons, Defendant's partial motion to dismiss Plaintiff's third cause of action for fraudulent concealment is GRANTED, with prejudice. Defendant's motion to strike Plaintiff's prayer for exemplary damages is also GRANTED.

**IT IS SO ORDERED.**

Dated: March 2, 2015

_____
BETH LABSON FREEMAN
United States District Judge

7