UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SENAH, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>XI'AN FORSTAR S&T CO., LTD.,<br><br>        Defendant. | Case No.  13-cv-04254-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**<br><br>[Re: ECF 73] |

Plaintiff moves to dismiss Defendant's counterclaim for breach of contract. For the reasons below, the Court DENIES the motion.

Plaintiff contends that Defendant is a foreign corporation conducting intrastate business in California in violation of California Corporations Code § 2105, which bars a foreign corporation from "transact[ing] intrastate business [in California] without first obtaining from the Secretary of State a certificate of qualification." Cal. Corp. Code § 2105(a). Corporations Code § 2203 bars a corporation that conducts intrastate business without complying with the provisions of § 2105 from maintaining "any action or proceeding upon any intrastate business so transacted" in any court in California. Cal. Corp. Code § 2203(c). Plaintiff therefore argues that Defendant cannot assert a counterclaim in this action because doing so would constitute "maintaining" an action in the courts of this state without being properly registered.[1]

Defendant makes three arguments in opposition to Plaintiff's motion. First, it contends that

---

[1] This is the second motion brought by Plaintiff sounding in these two statutes. Previously, Plaintiff contended that Section 2203 prevented Defendant from even appearing to defend itself in this action. The Court did not address whether Defendant was in compliance with the statutes, finding that regardless of its compliance with the Corporations Code provisions at issue Defendant was able to defend against an action brought against it. *See* Order, ECF 44 at 2 (citing *United Medical Management, Ltd. v. Gatto*, 49 Cal. App. 4th 1732, 1739 (1996)).

it is conducting interstate or foreign business, not intrastate business, when it sells goods to California. Second, it contends that even if the Court found it to be conducting intrastate business, it would not be required to obtain a certificate of qualification because it is exempt from that requirement under Corporations Code § 191(c)(5). Third, it argues that the counterclaim asserted is a compulsory counterclaim, and that therefore the counterclaim is part of its defense to this suit, and that a party may defend itself in California courts regardless of its compliance with Section 2105. The Court finds each of these arguments persuasive, and deals with each in turn.

First and foremost, Plaintiff has not shown that Defendant is engaged in transacting intrastate business. Plaintiff bears the burden of proving that "the action arises out of the transaction of intrastate business by a foreign corporation." *United Sys. Of Ark. v. Stamison*, 63 Cal. App. 4th 1001, 1007 (1998). It has failed to do so. Defendant is a Chinese company that sells products to Plaintiff, a California corporation, which Plaintiff then resells. This is textbook foreign commerce.

Plaintiff argues that Defendant is actually engaged in intrastate commerce because Forstar has "duly appointed" Donald Hanes, Plaintiff's President, as President of Forstar USA, and has advertised Plaintiff as Forstar's United States location in promotional materials. *See* Mot. at 6. None of the evidence cited by Plaintiff supports this claim. In fact, Plaintiff acknowledges that Forstar USA is nothing more than a fictitious name used by Senah. *See* Mot. at 6. It is hard to comprehend how Forstar could be alleged to be conducting intrastate commerce through a nonentity dba created by Plaintiff.

Mr. Hanes' declaration comes no closer to supporting this intrastate business argument. Mr. Hanes declares that the "prices, sales terms, and delivery dates" regarding products it resold from Defendant were "set by [Mr. Hanes] *as president of Forstar USA*." Hanes Decl., ECF 27-1 at 5 (emphasis added). He further says that "in August, 2004 I was appointed 'President and General Manager' of the Forstar USA Office." But the contract entered into between Plaintiff and Defendant in August 2004 states only that the agreement is between Defendant, located in China, and "Sources East, a subsidiary of Senah, Inc.," a California corporation, and it does not appoint Mr. Hanes President of an entity called Forstar USA. *See* ECF 12-1 at 1-5. Plaintiff further

presents as evidence Forstar marketing materials which identify an American office, located at the same address as Plaintiff's office, as "FORSTAR/Sources East." *See* ECF 31-1, 31-2, 31-4. This evidence, however, does not show that Mr. Hanes has been appointed head of a company or dba called Forstar USA. These documents actually controvert Plaintiff's claim, because the American office is the only one lacking a "Forstar.com" email address, and instead has a "Senah.com" email address, further evidencing the separateness of the two entities. *See* ECF 31-5 at 1.

Plaintiff has not shown that Defendant is transacting intrastate business in its dealings with Plaintiff under the contract. Defendant sells products to Plaintiff, a separate company, from its location in China to Plaintiff's location in California. This is foreign commerce. Though this alone disposes of Plaintiff's motion, the Court briefly addresses Defendant's other two arguments, which serve as additional independent reasons to deny the motion to dismiss.

Defendant argues that it is exempt from the qualification requirement under Section 191 of the Corporations Code. This section states that a "foreign corporation shall not be considered to be transacting intrastate business [] solely by reason of carrying on in this state any one or more of the following activities . . . (5) Effecting sales through independent contractors." Cal. Corp. Code § 191(c)(5). The plain language of the 2004 contract between the parties confirms Defendant's argument, stating that "[t]he relationship between the parties hereto shall be that *of independent contractors* . . . . Under no circumstances shall either party . . . bind the other or represent the other as its agent in any way." ECF 12-1 at § 11.12 (emphasis added). Plaintiff pleads in its SAC that Defendant hired it as a "sales representative," which "bought and resold Forstar products" in a proscribed geographic area. SAC ¶ 8(a). This pleading, coupled with the plain language of the contract, shows that Defendant has "effect[ed] sales through [an] independent contractor" and as such, is exempt from the qualification requirement under Section 191(c)(5).

Defendant's third and final argument is that its counterclaim is compulsory, and therefore part of its defense against this litigation, because Federal Rule of Civil Procedure 13 requires it to state counterclaims arising out of the same subject or transaction of Plaintiff's suit. *See* Opp. at 7; *see also Mitchell v. CB Richard Ellis*, 611 F.R.D. 1192, 1201 (9th Cir. 2010) ("Where a party has failed to plead a compulsory counterclaim, the claim is waived and the party is precluded by

3

principles of res judicata from raising it again."). Plaintiff does not substantively respond to Defendant's argument in its Reply brief.

The Court is unaware of any case to expressly consider this issue, but finds Defendant's argument persuasive. Once Plaintiff filed suit regarding breach of the 2004 contractual agreement between the parties, Rule 13 demanded that Defendant assert any and all counterclaims against Plaintiff arising out of that same transaction, lest Plaintiff forever lose the right to bring those claims. As such, principles of fairness and equity support permitting a party that is able to defend itself from suit to also assert any compulsory counterclaims that arise from the same transaction or occurrence. *Cf. Gatto*, 49 Cal. App. 4th at 1739.

Plaintiff has not met its burden to prove that Defendant is conducting intrastate business. In contrast, Defendant has produced ample evidence and argument to support its contention that it is conducting foreign and not intrastate business with regard to its contractual sales relationship with Plaintiff. Further, because Defendant's counterclaim is compulsory, it should be able to assert it regardless of whether it would be permitted to maintain its own action against Plaintiff. Plaintiff's motion is therefore DENIED.

**IT IS SO ORDERED.**

Dated: April 27, 2015

_____
BETH LABSON FREEMAN
United States District Judge