UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SENAH, INC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>XI'AN FORSTAR S&T CO, LTD,<br><br>　　　　　Defendant. | Case No.　5:13-cv-04254-BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORTS NOS. 2 AND 3**<br><br>Re: Dkt. Nos. 90, , 91 |

　　　　On June 16, 2015, plaintiff Senah, Inc. filed two Discovery Dispute Joint Reports (DDJRs) in which it requests orders compelling non-parties DHL USA and Radio Frequency Systems to produce documents responsive to subpoenas plaintiff served. The matters are deemed suitable for determination without oral argument. Civ. L. R. 7-1(b). Plaintiff's request is denied as to both DDJRs.

　　　　To begin---and, despite plaintiff's counsel's representations to the contrary---neither discovery report was filed in compliance with the undersigned's Standing Order re Civil Discovery Disputes (Standing Order). Before filing any DDJRs, this court requires lead counsel to meet-and-confer in person to attempt to resolve any disputes. Standing Order, Section 2.C. DDJR Nos. 2 and 3 indicate that plaintiff's meet-and-confer efforts involved the mere exchange of a few emails. Moreover, neither DDJR truly is a "joint" report. Rather, plaintiff drafted the non-parties' positions for them, invited corrections and comments, and says it got none. In view of

plaintiff's representation that the last meet-and-confer email exchange took place on June 15 (i.e., one day before the DDJRs were filed), this court harbors serious doubts that the non-parties had sufficient time to respond meaningfully to plaintiff's proposed draft reports. Indeed, it appears that plaintiff waited until the very last minute to do anything about the discovery it says it wants and then rushed to file its reports with the court after discovery closed. The opening sentence of the undersigned's Standing Order states: "The parties and counsel are cautioned not to allow discovery disagreements to drag on unresolved until some important looming deadline forces them into action." Standing Order, Section 1. Plaintiff's apparent delay in seeking court intervention is especially questionable since the subpoenas at issue were served on August 28, 2014 and October 31, 2014.

That leads to the court's next point: The DDJRs appear to be untimely. Pursuant to this district's Civil Local Rules and this court's Standing Order, DDJRs may not be filed more than 7 days after the discovery cutoff. Civ. L.R. 37-3; Standing Order, Section D. The discovery cutoff in this case was May 30, 2015. Dkt. 57. May 30 was a Saturday; and, giving plaintiff the benefit of Fed. R. Civ. P. 6(a), the following Monday, June 1 is treated as the actual discovery cutoff. Any DDJRs concerning fact discovery therefore should have been filed no later than June 8. Both DDJRs were filed over a week too late. Plaintiff claims that the June 16 filing deadline was set by stipulation and order, but it directs this court's attention only to the parties' stipulation and proposed order in which they agreed to that deadline. See Dkt. No. 57. It is not apparent from the docket that Judge Freeman entered an order approving that proposed deadline. Nor is there any indication in her Case Management Order that she contemplated setting a deadline for filing discovery motions different from that set by the court's Civil Local Rules. See Dkt. 53. Absent a court order, and with certain exceptions not applicable here, parties cannot stipulate around deadlines for matters that are required to be filed with the court. Civ. L.R. 6-1(b).

Nevertheless, accepting the asserted June 16 deadline for filing DDJRs, this court has read and considered both DDJRs on the merits. Even if the other procedural missteps discussed in this order were to be excused, this court finds that plaintiff has not met its burden of detailing the basis for its contention that it is entitled to the requested discovery and showing how the proportionality

2

1  and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied.  Civ. L.R. 37-2.  Its requests for an
2  order compelling the discovery therefore are denied.
3      SO ORDERED.
4  Dated:   June 23, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:13-cv-04254-BLF Notice has been electronically mailed to:

Anthony Hugo Santucci     santuccilaw@gmail.com, thegreat@sbcglobal.net

Charles Christian Correll , Jr     ccorrell@kslaw.com, dverduga@kslaw.com, ewang@kslaw.com, gmorris@kslaw.com, jsouza@kslaw.com, pbors@kslaw.com, rpada@kslaw.com, tjohnson@kslaw.com

George Ruben Morris     gmorris@kslaw.com, jsouza@kslaw.com