1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                                SAN JOSE DIVISION

11

United States District Court
Northern District of California

12   SENAH, INC,                              Case No.  5:13-cv-04254-BLF (HRL)

            Plaintiff,

13

         v.                                   **ORDER RE DISCOVERY DISPUTE**
14                                            **JOINT REPORT NO. 1**

     XI'AN FORSTAR S&T CO, LTD,               Re: Dkt. No. 92
15
            Defendant.
16

17        The opening sentence of the undersigned's Standing Order re: Civil Discovery Disputes

18   (Standing Order) states:  "The parties and counsel are cautioned not to allow discovery

19   disagreements to drag on unresolved until some important looming deadline forces them into

20   action."  Standing Order, Section 1.  Additionally, the Standing Order provides that "[t]o avoid

21   needless complexity and unwieldiness, the Joint Report should deal with only one issue (or, at

22   most, a few inextricably related issues)."  Id., Section D.ii.  Nevertheless, the parties did not

23   conduct their in-person meet-and-confer about the discovery at issue until nearly two weeks after

24   fact discovery closed.  And, on June 16, 2015, the asserted deadline for requesting orders

25   compelling discovery (more about this below), the parties jointly filed Discovery Dispute Joint

26   Report (DDJR) No. 1, an omnibus report pertaining to a raft of discovery requested by both sides

27   in this litigation, including requests for admission, interrogatories, and document requests.

28   Despite the questionable compliance with the undersigned's Standing Order, this court attempts to

1    resolve each dispute as fairly as circumstances permit.[1]

2         As discussed in this court's order re plaintiff's DDJR Nos. 2 and 3, the instant DDJR

3    appears to be untimely.  Pursuant to this district's Civil Local Rules and this court's Standing

4    Order, DDJRs may not be filed more than 7 days after the discovery cutoff.  Civ. L.R. 37-3;

5    Standing Order, Section D.  The discovery cutoff in this case was May 30, 2015.  Dkt. 57.  May

6    30 was a Saturday; and, giving the parties the benefit of Fed. R. Civ. P. 6(a), the following

7    Monday, June 1 is treated as the actual discovery cutoff.  Any DDJRs re fact discovery therefore

8    should have been filed no later than June 8.  DDJR No. 1 was filed over a week too late.  The

9    parties claim that the June 16 filing deadline was set by stipulation and order, but they direct this

10   court's attention only to their stipulation and proposed order in which they agreed to that deadline.

11   See Dkt. No. 57.  It is not apparent from the docket that Judge Freeman entered an order

12   approving that proposed deadline.  Nor is there any indication in her Case Management Order that

13   she contemplated setting a deadline for filing discovery motions different from that set by the

14   court's Civil Local Rules.  See Dkt. 53.  Absent a court order, and with certain exceptions not

15   applicable here, parties cannot stipulate around deadlines for matters that are required to be filed

16   with the court.  Civ. L.R. 6-1(b).

17        Nevertheless, accepting the asserted June 16 deadline for filing DDJRs, this court has

18   considered the merits of DDJR No. 1 and the parties' respective arguments.  The court now rules

19   as follows:

20   **I.    DEFENDANT'S DISCOVERY REQUESTS**

21        **A.    Requests for Admission (RFAs) Nos. 2-29**

22        Plaintiff initially responded to these RFAs on May 26, 2015 by denying RFA No. 1 and

23   objecting to the rest on the sole ground that defendant had exceeded the presumptive limit on the

24   number of *interrogatories* that may be served.  DDJR No. 1, Ex. A.  By the time the parties met-

25   and-conferred about these requests on June 11, however, defendant says that plaintiff

26   acknowledged that this objection was improper.  Defendant says that plaintiff agreed to serve

27

28
_____
[1] DDJR No. 1 is deemed suitable for determination without oral argument.  Civ. L.R. 7-1(b).

United States District Court
Northern District of California

1    supplemental responses by June 12, but did not actually do so until June 15, flatly denying each

2    and every RFA.[2]

3          Defendant now requests an order deeming the matters in RFAs 2-29 admitted because,

4    even assuming plaintiff's denials are truthful, defendant says that plaintiff initially stalled on its

5    responses with a frivolous objection.  Alternatively, defendant requests that it be allowed to re-

6    open and resume the depositions of plaintiff's witnesses for the purpose of exploring the basis for

7    plaintiff's complete denials.  Defendant says that this is necessary because plaintiff reportedly has

8    denied matters that its own witnesses admitted in deposition.

9          A party answering RFAs must respond with an admission, a denial, or a detailed statement

10   why the matter (or portions of it) cannot truthfully be admitted or denied.  Fed. R. Civ. P. 36(a)(4).

11   On a motion to determine the sufficiency of an answer or objection to an RFA, "[u]nless the court

12   finds an objection justified, it must order that an answer be served."  Fed. R. Civ. P. 36(a)(6).  "On

13   finding that an answer does not comply with this rule, the court may order either that the matter is

14   admitted or that an amended answer be served."  Id.

15         There being no limit on the number of RFAs that can be propounded, plaintiff's initial

16   objection to RFAs 2-29 was unjustified and nonsensical.  Nevertheless, it subsequently answered

17   the RFAs at issue, completely denying each of the matters in question.  Although defendant

18   questions the veracity of plaintiff's denials, that is not a matter this court can resolve on this

19   DDJR.  See Schwarzer, et al., California:  Federal Civil Procedure Before Trial § 11:2074 (Rev.

20   #1 2008) ("If the request is completely denied, a motion to determine the sufficiency of the denial

21   is improper.  The truth of the matter must be proved at trial, whereafter the discovering party's

22   only remedy is to move for payment of the expenses of such proof.").  Defendant's request for an

23   order re-opening fact discovery for the purpose of re-examining plaintiff's witnesses is denied.

24   The record presented indicates that the parties conducted many of their discovery activities late in

25   the discovery period.  There is no indication how many witnesses defendant seeks to re-depose or

26

27   _____

     [2] The parties did not submit a copy of plaintiff's supplemental responses to the subject RFAs.  But,
28   there being no dispute as to the nature of those responses, this court takes the parties at their word.

United States District Court
Northern District of California

1   for how long.  And, in any event, re-opening discovery at this stage in the proceedings (even for a

2   limited purpose) appears likely to derail the schedule set by Judge Freeman, which sets an August

3   13, 2015 dispositive motion hearing deadline and a trial to begin later this fall.  Dkt. 53.

4        Defendant's requested relief with respect to RFAs 2-29 is denied.

5   **B.  Interrogatory No. 25**

6        Defendant's Interrogatory No. 25 asks:   "For each request for admission served

7   simultaneously with these interrogatories for which YOUR response is anything but an

8   unqualified admission, state all facts upon which YOU base YOUR response."  DDJR No. 1, Ex.

9   B.  Plaintiff answered with respect to RFA No. 1, but refused to answer as to RFA Nos. 2-29 on

10  the ground that responding as to those RFAs would exceed the permissible limit on interrogatories

11  defendant may serve.  Id.  Defendant now requests an order either deeming the matters requested

12  in RFAs 2-29 admitted, or alternatively, compelling plaintiff to answer Interrogatory No. 25 as to

13  the basis for its denial of the matters in RFAs 2-29.

14       For the reasons discussed above, the court denies defendant's renewed request to deem

15  RFAs 2-29 admitted.

16       Even so, for the reasons stated below, the court grants defendant's alternate request for an

17  order compelling plaintiff to answer this interrogatory as pertains to those RFAs.

18       Interrogatory No. 25, which seeks the basis for denials in RFAs 2-29, is construed as an

19  interrogatory with subparts, meaning that it is treated as being as many interrogatories as there are

20  RFAs.  Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998).  The RFAs in

21  question cover various discrete subjects.  See DDJR No. 1, Ex. A.  Defendant therefore exceeded

22  the presumptive limit on interrogatories that may be served.  Fed. R. Civ. P. 33(a)(1) (providing

23  that a party may serve no more than 25 interrogatories on any other party).

24       Nevertheless, this court has the authority to alter the presumptive limit on interrogatories

25  "to the extent consistent with Rule 26(b)(2)," Fed. R. Civ. P. 33(a)(1), and it finds good cause to

26  do so here.  As discussed above, plaintiff's initial (and sole) objection to RFAs 2-29 based on the

27  presumptive limit for interrogatories was baseless.  Plaintiff now simply argues that its denials of

28  the matters asserted in RFAs 2-29 may be addressed at deposition---conveniently ignoring that

United States District Court
Northern District of California

4

1    fact discovery closed weeks ago.  Each of these RFAs appear to pertain to matters relevant to key

2    issues in dispute in this litigation.  The probative value of the discovery therefore is high and

3    outweighs any burden that might be imposed.  Plaintiff fairly should be made to explain the basis

4    for its denials.  Within 10 days from the date of this order, plaintiff shall serve its answers to

5    Interrogatory No. 25 with respect to its denials of the matters in RFAs 2-29.

6              **C.      Interrogatories 2-5, 8-9, 11-13, and 22-23**

7              According to defendant, plaintiff's initial responses to these interrogatories was

8    inadequate, and plaintiff agreed to supplement.  Then, defendant claims, plaintiff sent an email on

9    June 15, changing its mind about supplementation and arguing that defendant would have to

10   obtain leave of court to serve more than the presumptive limit on interrogatories.  Defendant

11   correctly notes that any such concerns should not impact these interrogatories, which are within

12   the presumptive limit.  And, in DDJR No. 1, plaintiff now says that it is in the process of

13   supplementing its responses to these interrogatories.  Plaintiff is ordered to serve those

14   supplemental responses within 10 days from the date of this order.

15             **D.      Defendant's Requests for Production**

16             No particular requests are identified here.  The only apparent issue is that plaintiff agreed

17   to produce documents responsive to defendant's requests, but still has not done so.  In the DDJR,

18   plaintiff says only that it has "begun" to produce documents.  Why, at this late stage of the

19   litigation and weeks after the close of discovery, has plaintiff's document production only just

20   "begun"?  Nevertheless, there being no dispute that plaintiff should produce responsive

21   documents, plaintiff shall complete its production within 10 days from the date of this order.

22             **E.      Defendant's request for a protective order**

23             The parties have not managed to agree on the terms of a suitable protective order.  They

24   apparently have been conferring over the terms of a protective order since at least October 2014.

25   The following month, Judge Freeman specifically directed defendant to bring the matter to this

26   court's attention in compliance with the undersigned's Standing Order. Dkt. 66.  Defendant never

27   did so---until now.  It is unclear why defendant apparently allowed this issue to languish, bringing

28   it before this court for the first time weeks *after* fact discovery closed.  Defendant's delay in

United States District Court
Northern District of California

5

1    raising the issue for resolution is particularly incomprehensible, in view of defendant's assertions

2    that the lack of a protective order has hampered discovery efforts.

3          In any event, as presented in DDJR No. 1, the problem is this:   Defendant wants a

4    protective order that allows both sides to designate confidential information; but plaintiff insists on

5    a protective order that allows only plaintiff to designate information, contending that none of

6    defendant's information warrants protection.  This court is unpersuaded that defendant should be

7    precluded from designating documents at all.  Plaintiff's request for entry of a unilateral protective

8    order therefore is denied, and the court will enter defendant's proposed order, with some

9    modification.  This ruling should not, however, be construed as an order either approving or

10   disapproving the anticipated designation of any particular document or matter, the record

11   presented being utterly insufficient for this court to make any determinations as to specific records

12   or categories of information.[3]

## II.    PLAINTIFF'S DISCOVERY REQUESTS

### A.    Interrogatory No. 2

15   Plaintiff's Interrogatory No. 2 asks defendant to:  "Please state YOUR accrual basis

16   worldwide income for each of the past eight fiscal years.  (Per contract Ex E of Aug 7, 2004,

17   PLAINTIFF is conclusively presumed to be the procuring cause of sales outside its territory, and

18   DEFENDANT is contractually obligated to pay PLAINTIFF a commission of twenty percent

19   (20%) on 1) PLAINTIFF'S own sales within PLAINTIFF'S territory and 2) a commission of 20%

20   on sales made by DEFENDANT in PLAINTIFF'S territory, and 3) a commission of 20% as the

21   conclusively presumed procuring cause on all sales outside of [PLAINTIFF'S] Territory" (i.e. the

22   rest of the world, a concession made by PLAINTIFF in lieu of the prior commission of 30%).

23   PLAINTIFF asserts that the contract of August 7, 2004 was not voided and therefore PLAINTIFF

---

[3] Although fact discovery closed nearly a month ago, there is a suggestion that the parties---who apparently have not managed to agree on much of anything concerning a protective order---might now bring a host of disputes before this court concerning confidentiality designations.  If that should happen, and given the recent barrage of eleventh-hour discovery disputes and the past failures of the parties to revolve their disputes informally, the parties may wish to seriously consider whether it might be appropriate for a Special Master to be appointed to address any future disputes.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    has a direct pecuniary interest on all sales within and without its territory, i.e. DEFENDANT'S

2    worldwide sales.)  DDJR No. 1, Ex. D.

3         As drafted, this interrogatory is argumentative.  Everything after the first sentence of the

4    request therefore is stricken.  In essence, plaintiff argues that, based on its interpretation of the

5    alleged contract at issue, it is entitled to the requested discovery.  Defendant, on the other hand,

6    maintains that the alleged contract would not entitle plaintiff "to a portion of Forstar's total

7    income earned from its activities all around the world" and that the discovery therefore should be

8    denied.  This court is in no position to adjudicate either side's contentions as to ultimate legal

9    issues in dispute.  While defendant complains that the interrogatory is also vague and ambiguous,

10   it apparently does have an understanding as to the information being requested.  The standard for

11   relevance being relatively low, and the scope of pretrial discovery being quite broad, defendant

12   shall answer this interrogatory within 10 days from the date of this order.  Defendant, however,

13   will not be required to provide information beyond the 4-year statute of limitations for contract

14   actions.  Although plaintiff argues that an action for fraudulent concealment permits discovery of

15   information going back 5 years, its fraud claim has been dismissed with prejudice.

16        **B.**     **Interrogatory No. 3**

17        This interrogatory asks defendant to "[p]lease identify by YOUR part number each and

18   every product not 'manufactured, jobbed or distributed' (as those terms are defined at California

19   Civil Code 1738.12(a), (b), (c)) by DEFENDANT which has ever been supplied (i.e., purchased,

20   drop shipped, consigned, or delivered as samples) to PLAINTIFF by DEFENDANT."  DDJR No.

21   1, Ex. D.  Forstar's primary objection is that this request essentially asks defendant to admit the

22   truth of plaintiff's legal contention that the Independent Wholesale Sales Representatives

23   Contractual Relations Act of 1990, Cal. Civ. Code §§ 1738.10, et seq. (Act) applies.  Plaintiff

24   disclaims any intent to seek a legal conclusion, but nonetheless argues that legal conclusions may

25   be sought through requests for admission.  This request, however, is an interrogatory.  This court

26   agrees that the request essentially requires defendant to accept plaintiff's legal conclusion as to the

27   applicability of the Act.  Plaintiff's request for an order compelling an answer to Interrogatory No.

28   3 therefore is denied.

United States District Court
Northern District of California

**C.     Requests for Production 1 and 3**

Defendant says these requests[4] were never discussed during the parties' June 11 in-person meet-and-confer.  Plaintiff insists that "[t]he issues of these [requests for production] were raised by Senah and dismissed by Forstar at the June 11 meeting and were reviewed with client who was not allowed to be present."  DDJR No. 1 at 9.  It is unclear precisely what plaintiff means; and, the record presented indicates that there has not been sufficient meet-and-confer on these requests. Moreover, the record indicates that for Request 1, defendant agreed to produce all non-privileged, responsive documents within its custody or control.  DDJR No. 1, Ex. E.  To the extent plaintiff feels that defendant's response to either of these requests is deficient, plaintiff has failed to detail the basis for its contention that it is entitled to the requested discovery and to show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied.  Civ. L.R. 37-2. Plaintiff's request for an order compelling this discovery is denied.

SO ORDERED.

Dated:   June 23, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

---

[4] Request 1 asks for "all documents identified in your responses to interrogatories."  DDJR No. 1, Ex. E.  Request 3 seeks "all writings between YOU and PLAINTIFF that comply with any of the terms of California Civil Code 1738.13."  Id.

8

1    5:13-cv-04254-BLF Notice has been electronically mailed to:

2    Anthony Hugo Santucci     santuccilaw@gmail.com, thegreat@sbcglobal.net

3
     Charles Christian Correll , Jr     ccorrell@kslaw.com, dverduga@kslaw.com, ewang@kslaw.com,
4    gmorris@kslaw.com, jsouza@kslaw.com, pbors@kslaw.com, rpada@kslaw.com,
     tjohnson@kslaw.com
5
     George Ruben Morris     gmorris@kslaw.com, jsouza@kslaw.com
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California